UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

MARCUS L LEWIS,

        Plaintiff,

v.                                           Case No. 24-cv-1492-bhl

CITY OF CUDAHY, et al,

        Defendants.

## SCREENING ORDER

On November 18, 2024, Marcus L. Lewis, proceeding *pro se*, filed a complaint against the City of Cudahy, Cudahy Police Department, Bradley Summers, Jeremiah Szydel, Janet Morris, Michael Marcucci, Madeline Ohm, Aaron Agenten, and Thomas D. Poellet, alleging violations of federal law.[1] (ECF No. 1.) That same day, he also filed a motion for leave to proceed without prepayment of the filing fee or *in forma pauperis* (IFP). (ECF No. 3.) The Court has authority to allow a litigant to proceed IFP if it determines that (1) the litigant is unable to pay the costs of commencing the action and (2) the action is not frivolous, does not fail to state a claim, and is not brought against an immune defendant. *Cf.* 28 U.S.C. § 1915(a)(1), (e)(2). The Court will consider each of these issues in turn.

### THE MOVANT'S INDIGENCY

Lewis reports that he is unmarried and unemployed, with no dependents and no monthly income. (ECF No. 2 at 1–2.) He lists $53.00 in monthly expenses and $5.00 in cash or accounts as his only assets. (*Id.* at 2–3.) On this record, Lewis is sufficiently indigent for a fee waiver. But, as explained below, Lewis's complaint is barred and so his IFP motion will be denied as moot.

### SCREENING THE COMPLAINT

In screening a *pro se* complaint, the Court applies the liberal pleading standards embraced by the Federal Rules of Civil Procedure. To survive screening, the complaint must comply with

---

[1] The Court recently dismissed an earlier complaint Lewis filed naming essentially the same defendants. (*See* Case No. 24-cv-0918-bhl.)

the Federal Rules and state at least plausible claims for which relief may be granted. To state a cognizable claim, a plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). A plaintiff should not plead every fact supporting his claims; he only has to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (alteration in original) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)).

"[T]he pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 555). "[T]he tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id*. A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citing *Twombly*, 550 U.S. at 556). "Factual allegations must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555 (citation omitted). If the complaint fails to allege sufficient facts to state a claim on which relief may be granted, it must be dismissed. *See Luevano v. Wal-Mart Stores, Inc.*, 722 F.3d 1014, 1018 (7th Cir. 2013).

## ALLEGATIONS OF THE COMPLAINT

Lewis's complaint details a February 26, 2020 incident in which he was pulled over by Officer Bradley Summers. (ECF No. 1 at 2.) Officers Jeremiah Szydel, Michael Marcucci, and Madeline Ohm also participated in the stop, although it is unclear what each officer is alleged to have done. Lewis alleges he was stopped without probable cause or reasonable suspicion and was not given a ticket or arrested. (*Id.* at 2.) He accuses some or all of the officers of an "illegal stop and frisk" and Officers Marcucci and Ohm of illegal search and seizure on Officer Summers's order. (*Id.* at 3.) Lewis also alleges that Officer Szydel kidnapped him with a "deadly weapon," that Officer Summers filed a false police report, and that Craig Bultman (who is not named in the caption) failed to intervene. (*Id.* at 3.) He alleges that Janet Morris "tampered with county records by reopening a close[d] case" and transferring it to Milwaukee, thereby "committing double

jeopardy." (*Id.*) He accuses Morris of getting his license revoked and preventing him from being able to work. (*Id.*)

Lewis invokes 42 U.S.C. § 1983 and requests relief in the form of lost wages from "2022 up to 2025," as well as $750,000 for "lost of years, pain and suffering, depression, [disappointment], and fear [he is] going to be racial profiled [by] law enforcement." (*Id.* at 2, 4.)

## ANALYSIS

Any claims Lewis is attempting to state in his latest complaint are barred by the doctrine of res judicata or claim preclusion. His new complaint is based on the same set of facts as his previous case, No. 24-cv-0918-bhl. In that prior case, Lewis made similar allegations against the same group of officers concerning a February 26, 2020 traffic stop and similarly inscrutable allegations that Janet Morris tampered with court records. (*See* Case No. 24-cv-0918-bhl, ECF Nos. 8 & 9.)

After screening his initial complaint and giving Lewis a chance to file an amended pleading, (*id.*, ECF No. 7), the Court dismissed his prior case based on his failure to state a claim upon which relief could be granted. (*Id.*, ECF No. 10.) The Clerk entered judgment the same day. (ECF No. 11.) Dismissal of a suit for failure to state a claim is a dismissal *with prejudice*. *Leavell v. Ill. Dep't of Nat. Res.*, 600 F.3d 798, 807 (7th Cir. 2010) (citing *Walker v. Thompson*, 288 F.3d 1005, 1009 (7th Cir. 2002)). A dismissal with prejudice means a party cannot relitigate that claim. *See id.* This doctrine "is premised on the idea that, when a claim has been fully litigated and come to judgment on the merits, finality trumps." *In re Ingersoll, Inc.*, 562 F.3d 856, 861 (7th Cir. 2009). "Claim preclusion under federal law has three ingredients: a final decision in the first suit; a dispute arising from the same transaction (identified by its 'operative facts'); and the same litigants []." *Czarniecki v. City of Chicago*, 633 F.3d 545, 548 (7th Cir. 2011) (quoting *United States ex rel. Lusby v. Rolls-Royce Corp.*, 570 F.3d 849, 851 (7th Cir. 2009)).

Lewis's new complaint satisfies all three criteria. Both complaints arise from the same operative facts and the prior lawsuit was dismissed with prejudice. Lewis does name two defendants in this complaint (Cudahy Police Department and Thomas D. Poellet) not named in his prior lawsuit, but his complaint does not contain any allegations against either of them. Moreover, the Cudahy Police Department is also not a proper defendant under Section 1983. *See Chan v. Wodnicki*, 123 F.3d 1005, 1007 (7th Cir. 1997). Because the Court has already dismissed Lewis's effort to sue over these operative facts with prejudice, it must dismiss his latest attempt as well.

Accordingly,

**IT IS HEREBY ORDERED** that Lewis's motion for leave to proceed without prepayment of the filing fee, ECF No. 4, is **DENIED as moot**.

**IT IS FURTHER ORDERED** that Lewis's complaint, ECF No. 1, is **DISMISSED with prejudice**. The Clerk is directed to enter judgment accordingly.

Dated at Milwaukee, Wisconsin on November 21, 2024.

*s/ Brett H. Ludwig*
BRETT H. LUDWIG
United States District Judge